

Jamie L. Harmon, SBN 112320
LAW OFFICES OF HARMON & ASSOCIATES
300 South First Street, Suite 220
San Jose, CA 95113
Tel. (408) 286-5000
Fax (408) 286-6232

**ADR**

FILED

FEE PAID

NP

08 MAY -6 PM 4: 19

RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

Attorneys for Petitioner
ARMANDO R. GONZALEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Armando R. Gonzalez<br><br>Petitioner<br><br>vs.<br><br>JAMES Walker, Warden; and JAMES<br>E. TILTON, Secretary, California Dep't<br>of Corrections and Rehabilitation | CASE NO.<br>**C 08   02389   VRW**<br><br>MOTION FOR AN ORDER STAYING<br>AND ABEYING PROCEEDINGS |

*LAW OFFICES OF HARMON & ASSOCIATES*
*300 South First Street, Suite 220 San Jose, CA 95113*
*PHONE: 408-286-5000 FAX: 408-286-6232*

Petitioner ARMANDO R. GONZALEZ, having duly filed his petition for writ of

habeas corpus in the above-entitled action pursuant to 28 U.S.C. sec. 2254, hereby moves

the court to HOLD FURTHER PROCEEDINGS IN ABEYANCE pending exhaustion of

his unexhausted claims. This motion is supported by the attached Memorandum of Points

and Authorities, the declaration of attorney Jamie L. Harmon, the Petition and supporting

exhibits as well as all other papers on file in this matter.

//

///

////

/////

/////

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The Section 2254 petition in the instant proceeding is "mixed"; that is, it contains grounds that are both exhausted and unexhausted.  The underlying conviction at issue became final on February 14, 2007 (per denial of petition for review in Cal. Supreme Court no. S148230).  The petition in the instant proceeding was timely filed on May 6, 2008.

Each of Petitioner's unexhausted claims will shortly be presented before the Santa Clara County Superior Court in a state habeas corpus petition.  (Declaration of Jamie L. Harmon)

The state habeas corpus petition includes evidence crucial to Petitioner's exhausted and unexhausted claims, which must be presented to the California Courts, which was obtained in diligent fashion.  (Declaration of Jamie L. Harmon)

Petitioner's counsel will notify this Court and counsel of the status of the State-level exhaustion petition as it progresses.  (Declaration of Jamie L. Harmon)

## STATEMENT OF THE ISSUES TO BE DECIDED

1. **Whether the instant proceedings should be stayed and held in abeyance pending ongoing exhaustion in state court of all unexhausted grounds stated in the operative "mixed" Section 2254 petition, to better serve the interests of justice.**

2. **Whether  stay and abeyance is appropriate when the procedural posture of the respective federal and state habeas proceedings is not a function of dilatory tactics, and where good cause exists to explain the timing of the filing of the state proceeding; including but not limited to the diligent acquisition of and presentation to the California Courts of evidence pertinent to both exhausted and unexhausted claims.**

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is in the custody of the California Department of Corrections and Rehabilitation at Sacramento (which is actually located in Folsom), serving a term of fifteen years to life. He was convicted of a single count of second degree murder with an enhancement within the meaning of California Penal Code § 186.22.

Petitioner does not recall what occurred on the night of the incident. Since he has had neither a trial nor preliminary examination, he has not testified as to the events that form the basis of the prosecution. The constitutionality of the challenged conviction is the subject of the writ petition in the instant proceedings. 28 U.S.C. § 2254.

The instant section 2254 petition raises the following grounds:

**A. Ineffective assistance of counsel, by an attorney with a conflict of interest, in violation of the right to counsel under the 6th Amendment resulting in a due process under the 14th Amendment.**

Petitioner alleges ineffective assistance of counsel by an attorney with a conflict of interest. U.S. Const., Amends. 6, 14; *Strickland v. Washington*, 466 U.S. 668 (1984); *Wood v. Georgia*, 450 U.S. 261, 271 (1981).

This claim has only been partially exhausted; the issue of a conflict of interest was raised on direct appeal but in a substantially different form. On direct appeal, counsel argued that Petitioner's attorney had a conflict of interest because he opposed the request, by Petitioner, that a motion to withdraw his plea be filed.

What appellate counsel did not argue, because a matter outside of the record is an inappropriate subject for consideration on direct appeal, (*see e.g. People v. Pope*, 23 Cal. 3d

-3-

412, 426 (1979) was that Petitioner's trial attorney had an express and non-waivable conflict of interest in his representation of Petitioner.

Peter Furst, the attorney for Petitioner in the trial court, had represented the Administrator of the Santa Clara County Conflicts Panel, Stephen Avila, in a civil suit alleging that Conflicts had breached its contract with a particular attorney, had failed to appropriately compensate that attorney and had engaged in unlawful billing practices with respect to the attorney.

The Conflicts Panel is an administrative organization charged with hiring and compensating private defense attorneys in Santa Clara County criminal cases in which the Public Defender and the Alternate Defender have a conflict of interest with respect to a defendant. Such a conflict may arise, as it did in this case, when those two entities represent co-defendants in a case in which more than two defendants are charged.

Long-standing protocol in Santa Clara County dictates that in such a situation, the Conflicts Administrator (head of the Conflicts Panel) chooses and hires attorneys from within the panel to represent one or more additional co-defendants. Such attorneys are paid from a budget allocated by the County of Santa Clara specifically for this purpose.

Here, a conflict on the part of the Public Defender and the Alternate Defender was declared from the outset. There were four defendants charged, one of whom retained private counsel. Consequently, responsibility for finding counsel for the remaining three defendants fell to the Conflicts Administrator: Stephen Avila. Petitioner's attorney, Peter Furst, was chosen to represent Petitioner by Avila. The other two defendants were also

provided attorneys chosen by Avila through the Conflicts Panel, and therefore funded by the Conflicts budget.

This placed Petitioner's attorney in the untenable position of having to investigate and defend against allegations that the Conflicts Panel, and Avila in particular, improperly underpaid a defense attorney who was appointed by the Conflicts Panel (a defense which ultimately failed), while simultaneously billing the Conflicts Panel for payment for the defense of Petitioner's case. He was also clearly aware that two other attorneys had been hired and would be paid by Conflicts, from the same budget allocation, in the case.

The case slowly moved through the Santa Clara County court, taking almost three years from the filing of the charges until each defendant's case was litigated to its conclusion.

Ultimately, one of the defendants, represented by attorney Ed Sousa (appointed by Conflicts) became a witness for the prosecution. This defendant's information, provided to the District Attorney, caused the prosecutor in the case to make a settlement offer. The proposed bargain would permit the other three defendants to plead guilty to reduced charges and serve four-year prison terms, if Petitioner would plead guilty to murder and accept a life sentence.

The attorney-client relationship with Petitioner's attorney gave Avila inappropriate and improper access to Petitioner. This took the form of meetings between Petitioner's family members and Avila, as well as meetings between Avila, Furst, and Petitioner, and eventually, meetings between Avila and Petitioner.

-5-

At each of these meetings Avila argued that proceeding to trial was an unwarranted expense, that Petitioner was harming his co-defendants by not accepting the proposed plea bargain, that the Conflicts Panel had already spent more money on Petitioner's defense than on any other case, and that Petitioner's failure to accept the proposed bargain constituted a manifest waste of Conflicts Panel resources.

At one meeting in an interview room adjacent to a courtroom at the Santa Clara County Hall of Justice, Avila spent more than an hour shouting at Petitioner, attempting to intimidate him into accepting the proffered agreement, expressly in order to avoid the expense of multiple murder trials to the Conflicts budget.

## B. Plea of guilty taken under duress and coercion violating the right to due process under the 14th Amendment.

Petitioner's plea of guilty was taken under duress and coerced in violation of the 14th Amendment. U.S. Const., Amend. 14; *Brady v. United States*, 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *United States v. Caro*, 997 F.2d 657, 659 (9th Cir. 1993).

This claim was not raised on direct appeal and so has not been exhausted in the courts of the State of California. Because the Constitutional errors occurred outside the record, the issue could not be raised on direct appeal.

As referenced above, Petitioner's plea was the result of a lengthy process in which his trial counsel, the Conflicts Administrator who oversaw the budget for the defense, and the State conspired to induce Petitioner to enter a plea rather than incur the expense of a multi-defendant murder trial.

-6-

1    Petitioner sat in county jail for three years.  During this time, he did not have a

2  preliminary examination or a trial and was repeatedly subjected to assaults on his resolve to

3  proceed to trial by his own attorney, the attorneys for the co-defendants, the Conflicts

4  Administrator, and counsel for the State.

5

6    The court in which the voir dire was conducted did not conduct a careful

7  examination at the time Petitioner entered his plea, asking only the boilerplate question as

8  to whether the plea was for the benefit of co-defendants.  Because of the lengthy process of

9  eroding the will of Petitioner, his*"Boykin"* waiver should be disregarded and the*"package deal"*

10  which he was coerced into accepting should undergo careful examination of its

11  

12  voluntariness.

13

### C.  Failure to investigate case and present a defense despite three years of pre-trial time.

14

15    Ineffective assistance of counsel for failure to investigate and failure to present a

16  proper defense. U.S. Const., Amends. 6, 14; *Strickland v. Washington*, 466 U.S. 668 (1984);

17  *Wiggins v. Smith*, 539 U.S. 510 (2003).

18

19    Although the issue of ineffective assistance has been raised in prior State

20  proceedings, as discussed above, it has not been presented in this form.

21    In this case, the Petitioner and his co-defendants sat in the county jail for more than

22  three years without a preliminary examination, let alone a trial, while counsel continually

23  

24  waived time.

25    Despite the passage of time, there is nothing in the record which occurs between the

26  filing of charges and the plea colloquy.  This vacuum leads inevitably to the question of

27

28

-7-

1    what precisely what was going on during this period and why it required the passage of

2    more than three years' time.

3        Petitioner asserts that the passage of time was solely an effort on the part of defense

4    attorneys in this case, including his own attorney, to allocate the blame between their clients

5

6    and then to pressure Petitioner into taking the proffered package plea agreement.

7

8                                    **ARGUMENT**

9        The instant proceedings should be stayed and held in abeyance pending ongoing

10   exhaustion in state court of the unexhausted ground and evidence presented in the operative

11   'mixed' section 2254 petition.

12       '[I]n our post-AEDPA world there is no reason why a district court should not retain

13   jurisdiction over a meritorious claim and stay further proceedings pending the complete

14

15   exhaustion of state remedies." *Duncan v. Walker*, 533 U.S. 167, 182-183 (2001) (Stevens

16   and Souter, JJ., concurring).

17       A Petitioner in custody who seeks to challenge the constitutionality of his state

18   conviction is required to exhaust all available state court remedies before a federal court

19

20   may grant him habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). AEDPA

21   establishes a deadline for filing a state habeas corpus petition in federal court. 28 U.S. C. §

22   2244(d)(1).

23

24       Petitioner acknowledges that his first amended petition is a 'mixed' petition which

25   contains both exhausted claims and the unexhausted claim. Petitioner has sought to satisfy

26   the AEDPA deadline while also complying with the policy preference that all claims to be

27

28

                                        -8-

LAW OFFICES OF HARMON & ASSOCIATES
300 South First Street, Suite 220 San Jose, CA 95113
PHONE: 408-286-5000 FAX: 408-286-6232

**1** presented in the first federal habeas petition. The Supreme Court has long stated its

**2** preference for

> habeas Petitioners to ... present the federal court with a single habeas
> petition. To the extent that the exhaustion requirement reduces piecemeal
> litigation, both the courts and the prisoners should benefit, for as a result the
> district court will be more likely to review all of the prisoner's claims in a
> single proceeding, thus providing for a more focused and thorough review.

*Rose v. Lundy*, 455 U.S. 509, 520 (1982).

Without a stay, the district court might complete adjudication of the exhausted

**10** claims prior to completion of state court review of the unexhausted claim. If so, upon

**11** return to federal court, Petitioner would have to present his newly exhausted claims in a

**12** pleading that would likely be deemed a successive petition, necessitating Petitioner to

**13** overcome the high standard set forth in 28 U.S.C. § 2244(b)(2). The Petitioner would lose

**14** his opportunity for"careful consideration and plenary processing of [his claims], including a

**15** full opportunity for presentation of the relevant facts." *Blackledge v. Allison*, 431 U.S. 63,

**16** 82 (1977), internal quotations omitted. He would be foreclosed from the"focused and

**17** thorough review" extolled in *Rose v. Lundy, supra*, 455 U.S. at 520.

**18** The procedure of staying and abeying a petition that is, or may be, impermissibly

**19** 'mixed' was authorized by the United States Supreme Court in *Rhines* v. *Weber,* 544 U.S.

**20** 269 (2005). The requested stay is proper and its issuance is well within this court's

**21** discretion.

**22** Furthermore, the requested abeyance would serve the policy interest of promoting

**23** judicial economy by avoiding litigating on the question of whether the requirement of

**24** exhaustion should be excused. If the state court resolves the state habeas petition in

LAW OFFICES OF HARMON & ASSOCIATES
300 South First Street, Suite 220, San Jose, CA 95113
PHONE: 408-286-5000 FAX: 408-286-6232

1  Petitioner's favor and the conviction challenged herein is reversed, that would moot the

2  issues contained herein, which in turn would relieve this court from the investment of

3  judicial time and the expense of examining the petition for claims which may be exhausted,

4  the dismissal of unexhausted claims, and the later amendment.

6       Therefore, this court should order the requested stay.

7  **D. Stay and abeyance is warranted because the procedural posture of the**
8     **respective federal and state habeas proceedings is not a function of dilatory**
      **tactics and good cause exists to explain the timing of the filing of the state**
9     **petition.**

10      In *Rhines v. Weber, supra,* the Supreme Court set forth limits for proper application

11  of the stay and abey procedure at the same time that it approved of its use. Application of

12  the procedure must not conflict unduly with AEDPA's legislative intent of reducing delays

13  and bringing finality to state court judgments. *Rhines v. Weber, supra,* 544 U.S. at 275-276.

15  More specifically, however, the reduction of delay mandated by AEDPA is to prohibit

16
17  dilatory tactics, particularly in capital litigation. *Ibid.* In the case at bar, Petitioner has no

18  interest in delaying the litigation. As his confinement is based on the challenged conviction

19  for one count of second degree murder, time is of the essence.

20      Finally, the requested stay and abeyance will accommodate the State's preference for
21
22  filing all habeas claims in one petition, and not in piecemeal fashion.

23      In summary, the requested stay and abeyance will accommodate the need for

24  exhaustion of all claims and avoid the highly disfavored practice of filing subsequent

25
26  petitions. Because some of the issues raised on collateral review could not have been

27

28

LAW OFFICES OF HARMON & ASSOCIATES
300 South First Street Suite 220 San Jose, CA 95113
PHONE: 408-286-5000 FAX: 408-286-6232

-10-

addressed on direct appeal, as they are outside of the already limited record, this is the only forum available to the Petitioner.

Thus, Petitioner has set forth good cause for his failure to exhaust his claims first in state court. The prerequisites set forth in *Rhines v. Weber* for issuance of a stay and abey order are present here. Therefore, this court should order the requested stay.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests this court to grant his motion for an order to stay proceedings and hold them in abeyance pending further exhaustion of state remedies. A stay would serve the interests of judicial economy, and ensure Petitioner's fair opportunity for review of the constitutional violations he has suffered in the challenged conviction.

For those reasons, this motion should be granted.

DATED: May 6, 2008

Jamie L. Harmon, SBN 112320
Counsel for Petitioner Armando R. Gonzalez

-11-

# DECLARATION OF JAMIE L. HARMON

I, JAMIE L. HARMON, declare the following to be true and correct:

1. I am an attorney at law, licensed and admitted to practice all of the state courts of California, the U.S. District Court, Central District of California and am admitted to practice before this Court (the U.S. District Court, Northern District of California). I make this declaration in support of Petitioner's motion for an order staying and abeying proceedings.

2. I was engaged to represent Petitioner on December 28, 2007. I did not represent him in the underlying proceedings or on direct appeal.

3. I am assisting Petitioner with his state exhaustion proceedings. Petitioner's state papers will be finalized filed contemporaneously with this petition during the week of May 5, 2008, in the Superior Court, State of California. I will notify this Court and respondents' counsel of the status of the state exhaustion proceedings as of the filing of this motion.

4. I swear under penalty of perjury under the laws of the United States that the aforementioned statements are true and correct to the best of my knowledge.

Executed on this Tuesday, May 06, 2008, at San Jose, California.

JAMIE L. HARMON

CASE NAME: GONZALEZ v. WALKER et. al.
ACTION NO.:

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 300 S. 1st Street, Suite 220, San Jose, California, 95113. I am employed in the County of SANTA CLARA, where this mailing occurs. I am over the age of 18 years, and not a party to the cause being served. On the date set forth below, following ordinary business practice, I served the foregoing document(s) described as:

MOTION FOR AN ORDER STAYING AND ABEYING PROCEEDINGS

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

ATTORNEY GENERAL OF THE STATE OF CALIFORNIA
455 Golden Gate Ave. Room 11000, San Francisco, CA 94102

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SANTA CLARA, 191 N. First Street, San Jose CA 95113

[X]  (BY MAIL) I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit: that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the date signed below following ordinary business practices.

[ ]  (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the mailboxes for the addressee(s) located at the Superior Court for the State of California.

[X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed May 6, 2008 in San Jose, California

_____
Declarant

LAW OFFICES OF HARMON & ASSOCIATES
300 South First Street, Suite 220 San Jose, CA 95113
PHONE: 408-286-5000 FAX: 408-286-6332

-13-

AO 241
(Rev. 12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: NORTHERN | |
|---|---|---|
| Name (under which you were convicted): <br><br> ARMANDO RUBEN GONZALEZ | | Docket or Case No.: |
| Place of Confinement : <br> CSP Sac FC7-125, Represa, CA <br> 95671-0066 | Prisoner No.: <br><br> V74787 | |
| Petitioner (include the name under which you were convicted) <br><br> ARMANDO R. GONZALEZ | Respondent (authorized person having custody of petitioner) <br> v.  JAMES Walker, Warden; and JAMES E. TILTON, <br> Secretary, California Dep't of Corrections | |
| The Attorney General of the State of  CALIFORNIA | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior Court of the State of California, County of Santa Clara, San Jose CA


    (b) Criminal docket or case number (if you know):    CC250319

2.  (a) Date of the judgment of conviction (if you know):  2/8/2005

    (b) Date of sentencing:     4/15/2005

3.  Length of sentence:    15 years to Life

4.  In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Cal. Penal Code §§ 187, 186.22(b)(1)(C), 12022(b)(1)




6.  (a) What was your plea? (Check one)

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| ☐ | (1) | Not guilty | ☐ | (3) | Nolo contendere (no contest) |
| ☑ | (2) | Guilty | ☐ | (4) | Insanity plea |

ᵉ⅓AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

  ☐  Jury ☐  Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

  ☐  Yes ☑  No

8.  Did you appeal from the judgment of conviction?

  ☑  Yes ☐  No

9.  If you did appeal, answer the following:

(a) Name of court:  Court of Appeals for the Sixth Appellate District of California

(b) Docket or case number (if you know):  H028925

(c) Result:  Conviction affirmed

(d) Date of result (if you know):  10/11/2006

(e) Citation to the case (if you know):  2006 Cal. App. Unpub. LEXIS 9011

(f) Grounds raised:
Ineffective assistance of counsel based on a conflict of interest that arose when petitioner sought to withdraw his plea and trial counsel Peter Furth declined to file the requested motion.

(g) Did you seek further review by a higher state court? ☑  Yes ☐  No

  If yes, answer the following:

  (1) Name of court:  Supreme Court of the State of California

  (2) Docket or case number (if you know):  S148230

  (3) Result:
    Petition for review denied

  (4) Date of result (if you know):  2/14/2007

(5) Citation to the case (if you know):   2007 Cal. LEXIS 1331

(6) Grounds raised:
As with Sixth District Court of Appeals; Ineffective assistance of counsel based on a conflict of interest that arose when petitioner sought to withdraw his plea and trial counsel Peter Furth declined to file the requested motion.

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   Superior Court of the State of California, County of Santa Clara, San Jose

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:   Petition for Writ of Habeas Corpus

(5) Grounds raised:
Unexhausted claims as to ineffective assistance of counsel based upon a conflict of interest, failure to investigate or present a defense, and the taking of a plea under duress.  This petition is being filed contemporaneously with the Federal petition and has not yet been heard.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

ᵒᴀAO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❐   Yes    ❐   No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

ℰ₂AO 241
(Rev. 12/04)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐   Yes    ❐   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:    ❐   Yes    ❐   No

(2)  Second petition:   ❐   Yes    ❐   No

(3)  Third petition:    ❐   Yes    ❐   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
       laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
       supporting each ground.

       CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
       remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
       grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
Ineffective assistance of counsel by an attorney with a conflict of interest

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner reiterates his exhausted State claim that failure to file a motion to withdraw his plea constituted an
unconsentable conflict of interest. Petitioner further believes that because his trial counsel was also the defense
counsel for the director of the Santa Clara conflict attorney panel, in a lawsuit based on breach of contract for
underpaying defense attorneys, that the attorney was operating under a manifest conflict which colored his
decision making and strategic choices. Furthermore, the attorney-client relationship between petitioner's trial
counsel and the director of the conflicts panel, charged with managing the expenses for indigent conflict
defense, permitted an unacceptable level of access by the director to petitioner and his family. The director of
conflicts and trial counsel utilized this access for a series of meetings with petitioner's family in an attempt to
keep costs down by convincing petitioner not to proceed to trial. Trial counsel also permitted the director of
conflicts direct access to petitioner in the San Jose courthouse for the express purpose of pressuring petitioner
to accept a plea agreement and not to waste more money.

(b) If you did not exhaust your state remedies on Ground One, explain why:

This is a partially exhausted claim. As to failing to file a motion to withdraw plea, that claim is exhausted.
However, as to the other conflict of interest created by the dual-representation of petitioner and the party paying
for petitioner's defense, the facts lie largely outside of the record and so were not reachable on direct appeal. A
petition for writ of habeas corpus is being filed in the State courts contemporaneously with the Federal petition.
A motion to hold the Federal proceedings in abeyance while the State remedies are thoroughly exhausted is
also being filed with this petition.

⊕₂AO 241
(Rev. 12/04)                                                                                      Page 7

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

⁶ ₂AO 241
(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:
Petition for writ of habeas corpus being filed contemporaneously to Federal petition

**GROUND TWO:**
Ineffective entrance of plea due to duress

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The inappropriate attorney-client relationship between counsel for petitioner and the director of the Santa Clara
conflicts panel manifested as a series of meetings between those persons and the petitioner and/or his family.
Petitioner and his family were repeatedly derided for petitioner's lengthy holdout against acceptance of the
proffered plea agreement and for wasting the conflict panel's limited financial resources. The director of the
conflicts panel had completely unprecedented and improper access to petitioner, to the extent that he was
present in courthouse meetings between trial counsel and petitioner. The conflicts director informed petitioner
that his case was pointless and expensive and that he was risking the lives of his co-defendants for nothing.
Petitioner's mother and other family members were given the same basic message at their meetings with the
director of the conflicts panel: nothing can be done for the petitioner, he is risking the lives of his co-defendants
and wasting financial resources.

(b) If you did not exhaust your state remedies on Ground Two, explain why:
This claim lies largely outside of the record and was unreachable on direct appeal. A petition for writ of habeas
corpus is being filed in the State courts contemporaneously with this petition.

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes   ☑  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:
Outside of the record and therefore unreachable on direct appeal.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes   ☑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 12/04)

Result (attach a copy of the court's opinion or order, if available):

| | | | | |
|---|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ | Yes | ☐ | No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ | Yes | ☐ | No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ | Yes | ☐ | No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two
 Petition for writ of habeas corpus being filed contemporaneously to Federal petition

**GROUND THREE:**
Ineffective assistance of counsel based on a failure to investigate or prepare a defense.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Between the date of the crime and the date the petitioner was sentenced, more than two and a half years elapsed. During this time, there is nothing in the record to indicate that trial counsel did anything other than participate in the campaign to get petitioner to accept the "package" plea agreement that set his co-defendants free and sent petitioner to prison for 15 years to life. The facts as indicated in police reports depict a scene of utter confusion with wildly conflicting and contrasting witness statements. Subsequent interviews with witnesses only confused the issue further as stories changed in substantive details. The petitioner is arguably no more culpable than the other defendants. The defendant who ultimately pointed a finger at petitioner in a move to reduce his own liability is the admitted instigator of the entire event. A defense was entirely possible here.

ᶠₐAO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

Because trial counsel conducted no preliminary hearing and no trial, there is no appellate record upon which to base this claim. An evidentiary hearing is needed to place the facts of the incident into the record for proper review by this court. When petitioner sought to withdraw his plea, trial counsel refused to participate in the motion.

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?            ☐  Yes      ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes      ☑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ☐  Yes      ☐  No

(4) Did you appeal from the denial of your motion or petition?              ☐  Yes      ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes      ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

*AO 241
(Rev. 12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

This claim lies largely outside of the record and was unreachable on direct appeal. A petition for writ of habeas corpus is being filed in the State courts contemporaneously with this petition.

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         ☐  Yes      ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes       ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | | | |
|---|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ❏ | Yes | ❏ | No |
| (4) Did you appeal from the denial of your motion or petition? | ❏ | Yes | ❏ | No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ❏ | Yes | ❏ | No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four:

13.  Please answer these additional questions about the petition you are filing:

   (a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court

       having jurisdiction?    ☐  Yes    ☑  No

       If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

       presenting them:
       As stated above, grounds lying outside of the record on appeal are being presented to the
       State courts in a simultaneous petition for writ of habeas corpus. A motion to hold this
       Federal petition in abeyance while the State courts remedies are exhausted accompanies
       this petition.

   (b)  Is there any ground in this petition that has not been presented in some state or federal court? If so,

       ground or grounds have not been presented, and state your reasons for not presenting them:
       Other than a conflict of interest due to trial counsels refusal to file a motion for the withdrawal
       of petitioner's plea, none of the claims have been presented to any court prior to the filing of
       this federal writ and its contemporaneous version filed with the State. The reasons for not
       previously presenting these claims are set forth above and are largely based on the paucity
       of the record in this case.

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

   that you challenge in this petition?    ☐  Yes    ☑  No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

   raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

   of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

   the judgment you are challenging?    ☑  Yes    ☐  No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

   raised.

   As discussed above, a substantially similar petition for writ of habeas corpus is being filed in the Santa
   Clara County Superior Court and a motion is being filed with this court requesting that the federal
   petition be held in abeyance while state remedies are exhausted.

℗ ȝAO 241
(Rev. 12/04)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:
No preliminary hearing was held

(b) At arraignment and plea:
Unknown

(c) At trial:
No trial was held

(d) At sentencing:
Peter Arthur Furst - CA SBN #140000

(e) On appeal:
Meredith Lee Fahn - CA SBN #154467

(f) In any post-conviction proceeding:
None

(g) On appeal from any ruling against you in a post-conviction proceeding:
None

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐  Yes       ☑  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐  Yes       ☐  No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Judgment of conviction became final on May the 7th, 2007.  This petition is therefore timely filed on the
1 year anniversary date.

℀AO 241
(Rev. 12/04)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Grant of petition for writ of habeas corpus and any evidentiary procedure as may be required to place the issues
herein presented into the arena of adversarial testing.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on      _5-6-08_      (date).

_____ for
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Attorney for Petitioner, Armando R. Gonzalez on Habeas Corpus.  Petitioner is incarcerated in Cal. State Prison
Sacramento which lies nearly three hours drive from counsel's place of business.  Due to the late date at which
counsel was retained in relation to the AEDPA deadline, only limited physical visting has been possible and most
communication has been by mail and telephone.

## IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *