FILED

OCT 27 2011

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO GONZALEZ,<br><br>Petitioner,<br><br>vs.<br><br>VIRGA, Warden,<br><br>Respondent. | No. C 08-2389 JW (PR)<br><br>AMENDED ORDER TO SHOW CAUSE |

This Amended Order to Show Cause corrects a typographical error on page 2 line 18 in the original Order to Show Cause filed on October 5, 2011. See Doc. No. 5. The briefing schedule set forth in that order remains unchanged.

On May 6, 2008, petitioner, a state prisoner then represented by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a criminal judgment from Santa Clara County superior court. Doc. #1. Along with the petition, petitioner filed a motion to stay and abey the proceedings to allow petitioner to return to state court to exhaust state court remedies, which the Court granted on July 14, 2008. Id., Doc. #2.

On September 20, 2010, petitioner, a state prisoner incarcerated at California

State Prison–Sacramento ("CSP-Sacramento") in Represa, California, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the same criminal judgment from Santa Clara County superior court. See Gonzalez v. Virga, No. C-10-4236-JW (PR), Doc. #1.

On April 1, 2010, the Court dismissed the action filed as Gonzalez v. Virga, No. C-10-4236-JW (PR), as filed in error and instructed the clerk to reopen the action filed as Gonzalez v. Walker, No. C-08-2389-VRW. See Doc. #7. The Court further directed the clerk to file the new petition as an amended petition in the action initiated in 2008. See Doc. #7.

Petitioner's amended petition names only Warden Virga, the current warden at CSP-Sacramento, as the respondent. Accordingly, Warden Virga has been substituted in as the respondent in place of the former warden, James Walker, and the former Secretary of the California Department of Corrections and Rehabilitation, James E. Tilton. See Fed. R. Civ. P. 25(d).

## BACKGROUND

According to the amended petition, petitioner pleaded guilty to second degree murder with an attached criminal street gang enhancement and was sentenced to 15 years to life in state prison. Doc. #3 at 2–3. Petitioner appealed the judgment and sought collateral relief in the state courts, without success. Id. at 3–5. The California Supreme Court denied relief on November 19, 2009. Petitioner filed the instant amended petition on April 1, 2011. Doc. #3.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. <u>Legal Claims</u>

Petitioner raises the following grounds for federal habeas relief: (1) trial counsel had a conflict of interest in representing petitioner, (2) trial counsel was ineffective because he allowed petitioner to enter a guilty plea that was coerced and because he ignored petitioner's request to withdraw the guilty plea; and (3) the trial court erred in failing to appoint separate counsel or inquire into the trial counsel's potential conflict of interest. Doc. #3 at 6. Petitioner also raises a due process claim about the validity of his guilty plea; he states that his guilty plea was coerced and made without a full understanding of his legal rights. Doc. #3, Attach. at 4, 9. Liberally construed, these claims are sufficient to merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve

on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

3. In lieu of an answer, respondent may file a motion to dismiss on procedural grounds as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED: October 27, 2011

JAMES WARE
United States District Chief Judge

G:\PRO-SE\VRW-----JW REASSIGNMENTS 2011\HC-08\Gonzalez-08-2389-AMENDED osc.wpd

4