IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO R. GONZALEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN VIRGA, )<br>)<br>Respondent. )<br>_____ ) | No. C 08-2389 RMW (PR)<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS;<br>DENYING CERTIFICATE OF<br>APPEALABILITY |

Petitioner, a state prisoner proceeding pro se, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2005 guilty plea conviction and sentence. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities. Petitioner has filed a traverse. For the reasons stated below, the court DENIES petitioner's petition for writ of habeas corpus.

**BACKGROUND**

Petitioner and his co-defendants were charged with the murder of Jose Torres. In 2005, petitioner pleaded guilty to second degree murder, and admitted the gang allegation and weapon enhancement. Pursuant to the plea agreement, the weapon enhancement was stricken, charges against petitioner in a second case were dropped, petitioner was sentenced to a term of 15-years

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.08\Gonzalez389denhc.wpd

to life, and the 15-year minimum parole eligibility requirement was stayed. On October 11, 2006, the California Court of Appeal affirmed. On February 7, 2007, the California Supreme Court denied review. On May 6, 2008, petitioner filed the underlying federal action, and requested a stay to exhaust unexhausted claim. The stay was granted, and on December 1, 2010, petitioner's subsequently filed state habeas petition in the California Supreme Court was denied.

On April 1, 2011, petitioner filed the instant amended petition.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, Williams v. Taylor, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.08\Gonzalez389denhc.wpd

Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller–El, 537 U.S. at 340. The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

B.  Petitioner's claims

Petitioner claims that (1) counsel rendered ineffective assistance because he had a conflict of interest; (2) counsel rendered ineffective assistance by allowing petitioner to plead guilty, and ignoring petitioner's request to withdraw his guilty plea; and (3) the trial court erred in failing to appoint separate counsel or inquire into counsel's potential conflict.

1.  Conflict of interest

Petitioner alleges that counsel, Peter Furst, was appointed by Steven Avilla, the Director of the Santa Clara Legal Aid Society Conflicts Panel. Petitioner states that Avilla, Furst, and counsel for co-defendants pressured him into pleading guilty. Petitioner further complains that Avilla intimated that Petitioner's case was getting to be too expensive, and that because Avilla "controlled" the money, Furst must have "bowed to Avilla's interest in quickly ending the case." Petitioner also alleges that Furst represented Avilla and the Legal Aid Society in an unrelated matter.

The Sixth Amendment's right to conflict-free counsel is violated only if the conflict "adversely affected" trial counsel's performance. Alberni v. McDaniel, 458 F.3d 860, 870 (9th Cir. 2006). "[A]n actual conflict of interest mean[s] precisely a conflict that affected counsel's performance – as opposed to a mere theoretical division of loyalties." Mickens v. Taylor, 535

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.08\Gonzalez389denhc.wpd

U.S. 162, 171 (2002) (emphasis omitted). A conflict of interest can arise when counsel represents multiple defendants whose interests are hostile to one another. In order to establish a violation of the Sixth Amendment, a petitioner must demonstrate that: (1) counsel actively represented conflicting interests, and (2) an actual conflict of interest adversely affected counsel's performance. Cuyler v. Sullivan, 446 U.S. 335, 348-50 (1980).

An "actual conflict of interest" only occurs when counsel "actively represented conflicting interests." Strickland v. Washington, 466 U.S. 668, 692 (1984). A theoretical or potential conflict is insufficient to constitute actual conflict; instead counsel must have actively represented conflicting interests. Cuyler, 446 U.S. at 350 (holding that "the possibility of conflict is insufficient to impugn a criminal conviction"); Bragg v. Galaza, 242 F.3d 1082, 1087, amended, 253 F.3d 1150 (9th Cir. 2001). For example, "[t]o show an actual conflict resulting in an adverse effect, [the petitioner] must demonstrate that some plausible alternative defense strategy or tactic might have been pursued but was not and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." Hovey v. Ayers, 458 F.3d 892, 908 (9th Cir. 2006) (internal quotation marks omitted).

The California Supreme Court denied this claim without comment.

Fatal to petitioner's claim here, is the fact that the Supreme Court has not extended Sixth Amendment conflict of interest jurisprudence beyond conflicts involving multiple concurrent representation. Mickens, 535 U.S. at 162, 174-76. In fact, the Supreme Court has held that conflicts other than multiple representation, such as conflicts based on financial issues, are not constitutionally based. Id. at 174-75; see, e.g., Foote v. Del Papa, 492 F3d 1026, 1029 (9th Cir. 2007) (affirming district court's denial of petitioner's habeas claim alleging a violation of his right to conflict-free appointed appellate counsel because no Supreme Court case has held an irreconcilable conflict between the defendant and his appointed appellate counsel violates the Sixth Amendment, nor has the Supreme Court held that a defendant states a Sixth Amendment claim by alleging that appointed appellate counsel had a conflict of interest due to the defendant's dismissed lawsuit against the public defender's office and appointed pre-trial

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.08\Gonzalez389denhc.wpd

4

counsel); Earp v. Ornoski, 431 F.3d 1158, 1184 (9th Cir. 2005) (rejecting conflicts claim when defense counsel and client had an intimate relationship, and stating, "While our circuit's precedent has expanded the scope of the Sullivan exception to apply in other contexts, and while we strongly disapprove of [counsel's] unprofessional behavior as reflected in her conduct at bar, the advent of AEDPA forecloses the option of reversing a state court determination simply because it conflicts with established circuit law."). Thus, petitioner cannot demonstrate that his allegation that counsel was ineffective due to a conflict of interest was not contrary to, or an unreasonable application of, clearly established federal law.

      Further, that petitioner represented Avilla and the Legal Aid Society in a separate and unrelated matter does not present an "actual conflict." Cf. Campbell v. Rice, 408 F.3d 1166, 1170-71 (9th Cir. 2005) (en banc) (affirming district court's denial of habeas petition and holding that state court's determination – that alleged actual conflict of interest due to the fact that petitioner's attorney was being prosecuted at the same time by the same district attorney's office, did not adversely affect attorney's performance – was not contrary to or an unreasonable application of clearly established federal law); Carter v. Scribner, 2009 WL 4163542, *6 (E.D. Cal. 2009) ("[Counsel]'s pre-representation relationship with [the victim], whether it was truly in passing or involved something more, created a theoretical division of loyalties . . . [but] petitioner has not shown that [counsel]'s relationship manifested itself in an actual conflict that negatively impacted the quality of his representation of petitioner.").

      Similarly, that Avilla "controlled the money" also does not present an "actual conflict." See, e.g., Williams v. Calderon, 52 F.3d 1465, 1473 (9th Cir. 1995) (finding no actual conflict when inmate alleged that any payment for additional investigation would have come from counsel's personal pocket); Arenas v. Adams, 2011 WL 7164453, at *12-13 (C.D. Cal. filed Nov. 30, 2011) (unpublished) (finding no actual conflict when inmate alleged that counsel was interested in concluding the case as quickly as possible due to the fact that a flat fee was paid by inmate's mother to represent him). Petitioner proffers no evidence to show that counsel was influenced by finances in advising petitioner to plead guilty. In fact, petitioner states that in one

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.08\Gonzalez389denhc.wpd

pre-plea meeting, Avilla and Furst met with petitioner and pressured him to plead guilty. (Am. Pet. at 3.) Petitioner alleges that Avilla complained about the expenses used on petitioner's case, argued that incurring additional expenses was "unnecessary," and would be "wasting time and money on an unwinnable case" and "throwing your lives away." (Id.)

Petitioner has not shown that any potential financial constraints contributed to Furst's advice to petitioner to plead guilty, or that any outside financial motivation had an effect on the quality of Furst's representation. See Sullivan, 446 U.S. at 350 ("[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance."); Paradis v. Arave, 130 F.3d 385, 391 (9th Cir. 1997) ("[P]otentially divided allegiances do not constitute active representation of conflicting interests" and therefore do not constitute constitutional violation). Furthermore, petitioner has not demonstrated that any alleged conflict "significantly affected counsel's performance." Mickens, 535 U.S. at 172-73; Williams, 52 F.3d at 1473 ("[a]ll Williams alleges is the same theoretical conflict that exists between an attorney's personal fisc and his client's interests in any pro bono or underfunded appointment case. Such arrangements, without more, do not require Sixth Amendment scrutiny.").

As such, the California Supreme Court's decision denying this claim was not objectively unreasonable under clearly established federal law, or based on an unreasonable determination of the facts.

2. <u>Ineffective assistance by allowing petitioner to plead guilty, and ignoring petitioner's requests to withdraw plea</u>

Petitioner alleges that counsel, Avilla, and counsel for co-defendants pressured him into pleading guilty. Petitioner further argues that counsel should have filed a motion to withdraw his guilty plea.

A defendant who enters a guilty plea on the advice of counsel generally may attack only the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases.

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.08\Gonzalez389denhc.wpd

6

1  See Hill v. Lockhart, 474 U.S. 52, 56 (1985). The defendant must satisfy the two-part standard
2  of Strickland, 466 U.S. 668, 687 (1984), which, in the guilty plea context, requires a defendant to
3  establish (1) his counsel's representation fell below an objective standard of reasonableness, and
4  (2) there is a reasonable probability that, but for counsel's errors, he would not have pled guilty
5  and would have insisted on going to trial. See Hill, 474 U.S. at 57-59.

6       A plea is "involuntary" if it is the product of threats, improper promises, or other forms
7  of wrongful coercion. Brady v. United States, 397 U.S. 742, 754-55 (1970). A plea induced by
8  promises or threats which deprive it of the character of a voluntary act is void. See Machibroda
9  v. United States, 368 U.S. 487, 493 (1962). Nor is coercion by a defendant's attorney or other
10 third party acceptable. See Iaea v. Sunn, 800 F.2d 861, 866-68 (9th Cir. 1986) (remanded to
11 determine if threat by counsel to withdraw and threat by petitioner's brother to withdraw bail
12 unless petitioner pled guilty rendered plea involuntary). The transcript of the plea hearing plays
13 a significant role in an inquiry into the validity of a plea. "For the representations of the
14 defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the
15 judge accepting the plea, constitute a formidable barrier in any subsequent collateral
16 proceedings. Solemn declarations in open court carry a strong presumption of verity."
17 Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (citations omitted); see Womack v. McDaniel,
18 497 F.3d 998, 1004 (9th Cir. 2007) (petitioner's "allegation is belied by his statements in open
19 court and the contents of his signed plea agreement"). "Mere advice or strong urging by third
20 parties to plead guilty based on the strength of the state's case does not constitute undue
21 coercion." Iaea, 800 F.2d at 867.

22     The state appellate court rejected this claim. It reviewed the record, and concluded that
23 nothing in the plea colloquy indicated that petitioner felt any pressure or coercion to plead guilty.

25     We note that while in this appeal defendant claims he was under
    psychological coercion to plead no contest due to the package nature of the
26     deal, and to benefit his young nephew who was also a codefendant, there is
    nothing in the trial court record to indicate that defendant felt coerced at the
27     time he entered his plea. Indeed, at the change of plea hearing, the court

28
Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.08\Gonzalez389denhc.wpd

> conducted a full voir dire of defendant, and made a finding that defendant was informed of the charges against him, his rights and the consequences of the plea. In addition, the court specifically questioned defendant about the voluntariness of his plea, and whether or not he was pleading to help a codefendant, to which defendant responded he was pleading voluntarily. Defendant never represented to the court that he was under psychological coercion to plead guilty.
>
> Defendant bases his argument of conflict on the fact that his mother sent a letter to the court after his plea but before sentencing indicating that defendant did not commit the crime, and he only pleaded to protect his nephew who was offered credit for time served as part of the package deal. However, while defendant's mother may have been of the opinion that defendant pleaded to protect a family member, there is no indication that defendant also felt that way.

(Resp. Ex. 4 at 7.)

This court's review of the plea colloquy transcript confirms that the trial court specifically inquired about whether petitioner was pleading guilty to help his nephew, to which the petition responded that he was not. (Pet., Ex. A at 10.) Petitioner's responses to the trial court during the plea colloquy asserted that he understood the plea agreement, understood the rights he was waiving, had fully discussed the case with counsel, and had not been promised anything or been threatened or coerced to plead guilty. (Id., Ex. A.) Petitioner has not shown that counsel's behavior was anything more than counsel advising him to plead guilty based on counsel's assessment of the case. This court presumes correct the state court's finding that the plea was made knowingly and voluntarily, and concludes counsel did not render deficient performance because petitioner has not presented clear and convincing evidence to the contrary.

With respect to petitioner's claim that counsel should have filed a motion to withdraw the guilty plea, counsel actually did raise the issue at sentencing when he requested a continuance. (Resp. Ex. 9 at 16-18.) As the state appellate court noted, counsel informed the trial court that he had asked the conflicts administration to look into the record to determine whether petitioner had a viable motion to withdraw. (Id., Ex. 9 at 16.) Counsel further stated that petitioner should have the opportunity to pursue that route with another attorney, in case counsel failed to see or do something prior to the plea. (Id.) The trial court denied the motion to continue.

The state appellate court rejected petitioner's claim, concluding that because counsel was

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.08\Gonzalez389denhc.wpd

8

1 unable to find a viable basis to make a motion to withdraw the guilty plea, counsel was not
2 ineffective for failing to bring such a motion. (Resp. Ex. 4 at 3-5.) Similar to California law, the
3 Ninth Circuit has held that failure to raise a meritless legal argument does not constitute
4 ineffective assistance of counsel. James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994). Even if counsel
5 erred by not moving to withdraw the plea, petitioner has failed to show that any such motion
6 would have been successful.

7       Accordingly, the state court's rejection of this claim was not contrary to or an
8 unreasonable application of clearly established Supreme Court law.

9       3.    <u>Trial court erred in failing to appoint separate counsel or inquire into conflict</u>

10       Petitioner argues that the trial court should have appointed counsel to make a motion to
11 withdraw the guilty plea on petitioner's behalf, or should have inquired into the reason petitioner
12 believed there was a conflict of interest with counsel.

13       In the state proceedings, the record demonstrates that at the sentencing hearing, counsel
14 moved to continue the sentencing hearing so that petitioner could acquire independent counsel to
15 see if there was a possibility of a viable motion to withdraw the guilty plea. (Resp. Ex. 9 at 16-
16 17.) Counsel admitted that he was unable to find a viable claim. (<u>Id.</u> at 16.) The prosecutor
17 objected to a continuance, and the trial court ultimately found no good reason to continue the
18 sentencing and denied the motion. (<u>Id.</u> at 17.)

19       In the context of a motion to substitute counsel, the Ninth Circuit has suggested that
20 separate counsel may be warranted for purposes of such a motion when current counsel fails to
21 assist the defendant in making such a motion, or takes an adversarial position against him
22 regarding such a motion. <u>Stenson v. Lambert</u>, 504 F.3d 873, 888 (9th Cir. 2007). However, the
23 record demonstrates no such disagreement. Counsel made the motion to continue, and there is
24 no hint of antagonism. Although petitioner appears to have felt coerced into pleading guilty,
25 there is no indication that counsel stopped preparing for sentencing or representing petitioner.
26 <u>See</u> <u>id.</u>; see also <u>Miller v. Blacketter</u>, 525 F.3d 890, 896-98 (9th Cir. 2008) (denial of public
27 defender's motions to withdraw and to continue the trial so that petitioner could retain a private
28

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.08\Gonzalez389denhc.wpd
9

1  attorney did not violate petitioner's Sixth Amendment right to choice of counsel because (1)
2  petitioner had not yet retained a new attorney, (2) public defender was sufficiently prepared for
3  trial, and (3) motions were made the morning trial was set to begin).
4      Regarding petitioner's allegation that the trial court failed to inquire into petitioner's
5  reasons for believing there was a conflict of interest, because petitioner has not demonstrated
6  that there was a conflict of interest that adversely affected his counsel's performance, the
7  Constitution does not mandate that the trial court conduct any such inquiry. Mickens, 535 U.S.
8  at 173-74; see, e.g., Houston v. Schomig, 637 F.3d 976, 980 (9th Cir. 2011) (where the alleged
9  conflict of interest has no adverse effect on counsel's performance at defendant's trial, there is
10 no Sixth Amendment violation).
11     Accordingly, the state court's rejection of this claim was not contrary to, or an
12 unreasonable application of, clearly established Supreme Court law.

## CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus is DENIED. The clerk shall terminate all pending motions and close the file.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights, or demonstrate that a reasonable jurist would find the denial of his claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

IT IS SO ORDERED.

DATED: _____

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.08\Gonzalez389denhc.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO R. GONZALEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>JAMES WALKER, ET AL. et al,<br><br>          Defendant. | Case Number: CV08-02389 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 13, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armando R. Gonzalez V-74787
C4/206
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Dated: June 13, 2013

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk